UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WILLIAM VIGNOLI,
LAURA PATO CASTILLO,
JUAN SEBASTIAN VIGNOLI
and other similarly-situated individuals

Plaintiffs,
v.

CLIFTON APARTMENTS, INC.,
SERRANO IMPORT CORPORATION
and ELAINE FICKERS, individually,

Defendants.
_______________________________________________/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COME NOW the Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO, JUAN SEBASTIAN VIGNOLI and other similarly-situated individuals by and through the undersigned counsel, and hereby sue Defendants CLIFTON APARTMENTS, INC. SERRANO IMPORT CORPORATION and ELAINE FICKERS individually and alleges:

1. This is an action to recover money damages for unpaid minimum wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337, the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff WILIAM VIGNOLI is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Plaintiff LAURA PATO CASTILLO is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

4. Plaintiff JUAN SEBASTIAN VIGNOLI is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

5. Corporate Defendant, CLIFTON APARTMENTS, INC. is a Florida corporation, having its main place of business at 1335 NE 127 Street, Miami, Florida 33166, where Plaintiffs worked for Defendant, and at all times material hereto were and is engaged in interstate commerce.

6. Corporate Defendant, SERRANO IMPORT CORPORATION is an entity incorporated under the laws of the state of Florida. Defendant conducted business in Miami Dade, Florida.

7. The individual Defendant ELAINE FICKERS was and is now the Administrator and Registered Agent for Defendants Corporations CLIFTON APARTMENTS, INC. and SERRANO IMPORT CORPORATION.

GENERAL ALLEGATIONS

8. This action is brought by Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO, JUAN SEBASTIAN VIGNOLI and other similarly situated individuals, to recover from the Employers CLIFTON APARTMENTS, INC. and SERRANO IMPORT CORPORATION unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 206 (a) (1) states "...an employer must

pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...” [29 U.S.C. § 206 (a) (1)].

9. Defendants Corporations CLIFTON APARTMENTS, INC. and SERRANO IMPORT CORPORATION are owners of several rental apartment buildings in the Miami area.

10. Defendant CLIFTON APARTMENTS, INC. is a complex of 33 residential units for rent. This business is part of a family operated Enterprise, which comprises numerous properties for rent. **(See composite Exhibit “A”)**

11. Defendants CLIFTON APARTMENTS, INC. and SERRANO IMPORT CORPORATION are entities engaged in related activities, which perform through a unified operation, with a common ownership, with a common business purpose, under the common control, and administration of Defendant ELAINE FICKERS. **(See composite Exhibit “B”)**

12. Upon information and belief Defendants CLIFTON APARTMENTS, INC. and SERRANO IMPORT CORPORATION hold a joint BTR (Business Tax Receipts) or Occupational License covering their business at CLIFTON APARTMENTS, INC. (**See Exhibit “C”)**

13. Because the work performed by Plaintiffs and other similarly-situated individuals, simultaneously benefited Corporate Defendants and directly or indirectly furthered their joint interest, Defendants CLIFTON APARTMENTS, INC. and SERRANO IMPORT CORPORATION are the joint employers of Plaintiffs and other similarly situated employees under the FLSA’S broad definition of “employer”, (29 U.S.C.§203 (d)).

14. Defendants CLIFTON APARTMENTS, INC. and SERRANO IMPORT CORPORATION are joint-enterprise corporations who act directly or indirectly in the interest of one another. Defendants' business practices are not completely disassociated.
15. Pursuant to 29 CFR 791.2 Defendants CLIFTON APARTMENTS, INC. and SERRANO IMPORT CORPORATION are joint employers with respect to their employment of Plaintiffs and other similarly situated, and are jointly liable for Plaintiffs' damages.
16. Defendants employed Plaintiff WILLIAM VIGNOLI as a Resident Manager for CLIFTON APARTMENTS, INC. from on or about 2003 through March 26, 2012. Plaintiff was provided with a residential unit, as a condition for employment and as per the convenience of the employers. While employed by Defendants, Plaintiff WILIAM VIGNOLI worked an average of more than 40 (Forty) hours per week without being adequately compensated for his services. Plaintiff performed the duties of a Resident Manager which included administrative and maintenance work for a complex of approximately 33 residential units. He was on call 7 days a week attending the multiple needs of the tenants of a 50 years old building. During the time that Plaintiff worked for Defendants, he did not receive his salary free and clear as provided by law. Plaintiff was not paid at the minimum wage rate as provided for Federal and State law.
17. Defendants employed Plaintiff LAURA PATO CASTILLO as an assistant manager from on or about 2003 through March 26, 2012. Plaintiff was provided with living accommodations as a condition for employment and as per the convenience of the Employers. Plaintiff worked an average of 30 hour weekly supporting the Resident Manager with the daily operations of the building. Plaintiff's duties included daily tasks such as coordinating property maintenance, doing clerical work, collecting rents and

security deposits from tenants and taking care of the multiple complaints received from tenants. Plaintiff LAURA PATO CASTILLO did not receive any payment for her work at CLIFTON APARTMENTS besides her living accommodations.

18. Plaintiff JUAN SEBASTIAN VIGNOLI, similarly, began his employment as a handyman at CLIFTON APARTMENTS, INC. on or about 2003. Plaintiff was provided with living accommodations as a condition for employment and as per the convenience of the employers. During his time of employment with Defendants, Plaintiff worked an average of 40 hours weekly without receiving proper compensation for his services.

19. On or about the first week of January 2012, Plaintiff WILLIAM VIGNOLI requested Administrator ELAINE FICKERS to be paid a regular salary like the Resident Managers of other buildings that he knew about. Plaintiff complained also on behalf of his fiance LAURA PATO CASTILLO and his son JUAN SEBASTIAN VIGNOLI and requested a salary for them too. Administrator ELAINE FICKERS got upset and told Plaintiff that they were being paid with their living accommodations.

20. As a direct consequence of these requests, on or about March 26, 2012, Defendants terminated Plaintiffs' employment. **(See Exhibit "D")** Immediatel**y** after, Defendants filed for the eviction of Plaintiffs. **(See composite Exhibit "E")**

21. On or about April 4th, 2012, Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI sent CLIFTON APARTMENTS, INC., respective letters demanding their unpaid wages.

22. As a result, Plaintiff WILIAM VIGNOLI was accused of Grand Theft Third Degree and arrested on or about May 31, 2012. Plaintiff has a pending lawsuit in State Court, case NO. F-12-013620. **(See Exhibit "F")**

23. Plaintiffs claim that they suffered retaliatory actions due to the protected activity exercised by Plaintiff WILIAM VIGNOLI.

24. Plaintiffs WILLIAM VIGNOLI, LAURA PATO CASTILLO, and JUAN SEBASTIAN VIGNOLI seek to recover unpaid wages as allowable by law as well as retaliatory damages.

**COUNT I:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AS TO ALL DEFENDANTS**

25. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-25 this complaint as if set out in full herein.

26. This action is brought by Plaintiffs WILLIAM VIGNOLI, LAURA PATO CASTILLO, JUAN SEBASTIAN VIGNOLI, and those similarly situated to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

27. The Employers CLIFTON APARTMENTS, INC. and SERRANO IMPORT CORPORATION are joint employers pursuant to 29 CFR 791.2 and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Employers/Defendants operate as organization engaged in interstate commerce. The Employers/Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use internet and telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the combined annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

28. By reason of the foregoing, Defendants are enterprises engaged in commerce and/or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Therefore, Defendant' businesses qualify for enterprise coverage.

29. Plaintiffs were employed by Defendants as a Resident Manager, as an assistant manager, and as a handyman respectively, performing non-exempt duties. Plaintiffs through their daily activities regularly handled or worked on goods that were moved across state lines at any time in the course of business, therefore Defendants qualify for individual coverage.

Plaintiff WILIAM VIGNOLI

30. Defendants employed Plaintiff as a Resident Manager on or about 2003. Plaintiff was provided living accommodations within CLIFTON APARTMENTS, INC. as a condition for employment and as per the convenience of the Employers. Plaintiff duties included administrative and maintenance work for 33 rental apartments.

31. During his time of employment Plaintiff worked an average of more than 40 hours per week without receiving his salary free and clear. Plaintiff was not paid even the minimum wage as established by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

32. Defendants unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint or 156 weeks.

Plaintiff LAURA PATO CASTILLO

33. Defendants employed Plaintiff as an assistant manager from on or about 2003 through March 26, 2012. Plaintiff was provided living accommodations as a condition for employment and as per the convenience of the Employers. Plaintiff worked an average of 30 hour weekly supporting the Resident Manager with the daily operations of the building. Plaintiff's duties included daily tasks such as coordinating property maintenance, doing clerical work, collecting rents and security deposits from tenants, cleaning and preparing vacant units for rent, and taking care of the multiple complaints received from tenants. Plaintiff LAURA PATO CASTILLO did not receive any payment for her work at CLIFTON APARTMENTS beside her living quarters.

<u>Plaintiff JUAN SEBASTIAN VIGNOLI</u>

34. Defendants employed Plaintiff as a handyman on or about 2003 through March 26, 2012. Plaintiff was provided with living accommodations within CLIFTON APARTMENTS, INC. as a condition for employment and as per the convenience of the Employers. During his time of employment Plaintiff worked an average of Forty hours (40) per week without receiving any proper compensation. Plaintiff was not paid at the minimum wage rate as established by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

35. Defendants unlawfully failed to pay minimum wages to Plaintiffs WILLIAM VIGNOLI LAURA PATO CASTILLO, and JUAN SEBASTIAN VIGNOLI.

36. The records, if any, concerning the number of hours actually worked by Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO, JUAN SEBASTIAN VIGNOLI and all other employees similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs.

37. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

38. Defendants CLIFTON APARTMENTS, INC., and SERRANO IMPORT CORPORATION, knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendants as set forth above, and Plaintiffs are entitled to recover double damages. Defendants never posted any notice, as required by the Fair

Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

39. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

40. At the times mentioned, individual Defendant ELAINE FICKERS was and is now, the Administrator of Defendants Corporation CLIFTON APARTMENTS, INC. and SERRANO IMPORT CORPORATION. Defendant ELAINE FICKERS was the employer of Plaintiffs and other similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendant ELAINE FICKERS, acted directly in the interests of Defendant employer in relation to the employees of Defendants employers, including Plaintiffs and others similarly situated. Defendant ELAINE FICKERS had operational control of the business, provided Plaintiffs with their work schedule, and is jointly liable for Plaintiffs' damages.

41. Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS willfully and intentionally refused to pay Plaintiffs minimum wages as required by the laws of the United States as set forth above and remain owing Plaintiffs these minimum wages as set forth above.

42. Plaintiffs seek to recover for minimum wage violations accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint or 156 weeks.

43. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs and against the Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiffs and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 USC § 206 (FAILURE TO PAY PROMPTLY) AS TO ALL DEFENDANTS**

44. Plaintiffs re-adopt each and every allegation as stated in paragraphs 1-24 in this complaint as if set out in full herein.

45. Plaintiff WILIAM VIGNOLI was employed by CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS from approximately 2003 through March 26, 2012 as a Resident Manager.

46. Plaintiff LAURA PATO CASTILLO was employed by CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS from approximately 2003 through March 26, 2012, as an Assistant Manager.

47. Plaintiff JUAN SEBASTIAN VIGNOLI was employed by CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS from approximately 2003 through March 26, 2012 as a handyman.

48. Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS have violated the FLSA's prompt payment requirements by failing to pay Plaintiff promptly for the every pay period which Plaintiff worked for Defendant.

49. Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS have violated the FLSA's prompt payment requirement by failing to pay Plaintiff on the regular and customary payday(s).

50. Defendants' violation of FLSA provisions concerning prompt, regular payment of wages was willful.

51. Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS knew and/or showed reckless disregard for the provisions of the FLSA and its regulations concerning prompt, regular payment of wages.

52. Plaintiffs are entitled to recover liquidated damages in an amount equal to his/her actual damages, for the Defendants' FLSA violations.

53. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO, JUAN SEBASTIAN VIGNOLI, and other similarly situated individuals, respectfully request that this Honorable Court:

A. Judgment in their favor and against Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS for all unpaid wages due or payable;
B. Liquidated damages;
C. Attorney's fees and costs pursuant to the FLSA;
D. Prejudgment and post-judgment interest; and
E. All other relief deemed just and proper.

JURY DEMAND

Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO, JUAN SEBASTIAN VIGNOLI and other similarly situated individuals demand trial by jury of all issues triable as of right by jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION: RETALIATION**
**PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS**

54. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-53 of this complaint as if set out in full herein.
55. This action arises under the laws of the United States.
56. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.
57. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].
58. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding

under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

59. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendants' business activity, affects interstate commerce. The Plaintiff' work for the Defendants likewise affects interstate commerce.

60. Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO, and JUAN SEBASTIAN VIGNOLI were employed by Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS from on or about 2003 until March 26, 2012.

61. Plaintiff WILIAM VIGNOLI worked as a Resident Manager for the Defendants' business. He was provided living accommodations as a condition of employment and as per the convenience of the employer. However, he was not paid regularly a salary for any workweek during his entire employment period.

62. Plaintiff LAURA PATO CASTILLO worked as Assistant Manager for the Defendants' business. She was provided living accommodations together with his fiancé WILLIAM VIGNOLI. Plaintiff worked an average of 30 hours weekly, but she never was compensated for all the hours that she worked at CLIFTON APARTMENTS, INC.

63. Plaintiff JUAN SEBASTIAN VIGNOLI worked as a "handyman" for the Defendants' business. He was provided living accommodations as a condition for employment and as per the convenience of the employers. Plaintiff worked an average of 40 hours weekly. However, he was not paid at the minimum wage rate during his entire employment period.

64. On or about the first week of January 2012, Plaintiff WILLIAM VIGNOLI requested Administrator ELAINE FICKERS to be paid a regular salary like the Resident Managers of other buildings that he knew about. Plaintiff complained also on behalf of his fiance LAURA PATO CASTILLO and his son JUAN SEBASTIAN VIGNOLI and requested a salary for them too. Administrator ELAINE FICKERS got upset and told Plaintiff that they were being paid with their living accommodations.

65. As a direct result of these complaints, Defendants fired Plaintiffs WILLIAM VIGNOLI, LAURA PATO CASTILLO, and JUAN SEBASTIAN VIGNOLI. (**See Exhibit "D")** Defendants ordered Plaintiffs to vacate immediately their living quarters and then Defendants filed eviction lawsuits against Plaintiffs. (**See composite Exhibit "E")**

66. On or about April 4th, 2012, Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI sent CLIFTON APARTMENTS, INC., respective letters demanding their unpaid wages.

67. These complaints constituted protected activity under the FLSA.

68. On or about May 31, 2012, in response to these complaints Defendants unlawfully retaliated against Plaintiff WILIAM VIGNOLI, by accusing him of stealing money from the collected rents. Plaintiff WILLIAM VIGNOLI was arrested and criminal charges were pressed against him. Plaintiff has a pending lawsuit in State Court, case NO. F-12-013620. (**See Exhibit "F")**

69. Plaintiff WILLIAM VIGNOLI denies any wrongdoing, and he firmly believes that he and his family were victims of retaliation because they tried to collect their rightful earned wages pursuant to the Fair Labor Standards Act.

70. Defendants' conduct in response to protected activity violated the FLSA's anti-retaliation provisions, 29 U.S.C. § 215 (a) (3).

71. As a result of Defendants' unlawful and retaliatory conduct as described above, Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI have suffered substantial damages.

72. Plaintiffs were fired and thrown out of their living quarters without receiving their rightfully earned wages.

73. Plaintiffs were terminated in retaliation for their requests to be paid their regular wages, according to FLSA provisions.

74. Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS willfully and intentionally refused to pay Plaintiffs the straight wages as required by the law of the United States as set forth above and remain owing Plaintiffs these wages since the commencement of their employment with Defendants.

75. The motivating factor which caused Plaintiffs' termination as described above was the request seeking proper compensation from the Defendants. In other words, Plaintiffs would not have been terminated and retaliated against, but for their complaints for adequate compensation pursuant to FLSA

76. The Defendants' termination of the Plaintiffs was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiffs have been damaged.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS that Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO, and JUAN SEBASTIAN VIGNOLI recover compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. Order that Plaintiffs recover an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiffs WILLIAM VIGNOLI, LAURA PATO CASTILLO, and JUAN SEBASTIAN VIGNOLI further pray for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI and other similarly situated individuals, demands trial by jury of all issues triable as of right by jury.

**COUNT IV:**
**STATUTORY VIOLATIONS OF FLORIDA'S MINIMUM WAGE ACT;**
**AGAINST ALL DEFENDANTS**

77. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

78. This action is brought by Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of Title XXXI, Chapter 448.110 (Florida Minimum Wage Act) and Fla. Const. art X section 24.

79. The Florida Minimum Wage Act states "… employers shall pay employees a minimum wage at an hourly rate of $7.25 for all hours worked in Florida. Title XXXI, Chapter 448.110.

80. Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS employed Plaintiff WILIAM VIGNOLI as a Resident Manager from on or about 2003 until March 26, 2012.During that period Plaintiff WILIAM VIGNOLI was not compensated at the minimum wage rate for the all hours worked per week. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire to his last day of employment.

81. Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS employed Plaintiff LAURA PATO CASTILLO as an Assistant Manager from on or about 2003 until March 2012.During that period Plaintiff LAURA PATO CASTILLO was not compensated at the minimum wage rate for all the hours worked per week. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire to his last day of employment.

82. Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS employed Plaintiff JUAN SEBASTIAN VIGNOLI as a "handyman" from on or about 2003 until approximately March 26, 2012. During that

period, Plaintiff JUAN SEBASTIAN VIGNOLI was not compensated at the minimum wage rate for the all hours worked per week. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire to his last day of employment.

83. The records, if any, concerning the number of hours actually worked by Plaintiffs and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs.

84. Defendants CLIFTON APARTMENTS, INC., and SERRANO IMPORT CORPORATION showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Florida Minimum Wage Act and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

85. At the times mentioned, Defendant ELAINE FICKERS was, and is now, the Manager and/or owner of Defendants Corporations. According to Section 24, Art. X of the Florida State Constitution, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the Federal Fair Labor Standards Act (FLSA) and its implementing regulations. Therefore, Defendant ELAINE FICKERS was an employer of Plaintiffs within the meaning of the Florida Minimum Wage act pursuant to Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendants employers in relation to the employees of Defendants employers, including Plaintiffs. Defendant ELAINE FICKERS had

operational control of the business, provided Plaintiffs with their work schedule, and is jointly liable for Plaintiffs' damages.

86. Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS willfully and intentionally refused to pay Plaintiffs minimum wages as required by the laws of Florida as set forth above and remains owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

87. Pursuant to Fla. Stat. 448.110, Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI have provided Defendants with notice of Plaintiffs' minimum wage claims (i.e. the minimum wage to which Plaintiff claims entitlement, work dates for which payment is sought, and the approximate amount of alleged unpaid wages). (**See composite Exhibit "G")**

88. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO, and JUAN SEBASTIAN VIGNOLI respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs and against the Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS on the basis of Defendants' willful violations of the Florida Minimum Wage Act; and

B. Award Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI demand trial by jury of all issues triable as of right by jury

**COUNT V:**
**STATUTORY VIOLATIONS OF FLORIDA'S MINIMUM WAGE ACT:**
**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**

89. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-25 and 77-89 of this complaint as if set out in full herein.

90. This action is brought by Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI for the retaliatory discharge of Plaintiffs, in violation of the provisions of the Florida Minimum Wage Act, Title XXXI, Chapter 448.109 (3)(a) and Article X, Section 24 (d) of the Florida Constitution.

91. The Florida Minimum Wage Act states "… employers shall pay employees a minimum wage at an hourly rate of $7.25 for all hours worked in Florida. Title XXXI, Chapter 448.110.

92. The Florida Minimum Wage Act, Florida Title XXXI, Chapter 448.109 (3)(a), establishes in pertinent part:

> "An employer may not retaliate against an employee for exercising his or her right to receive the minimum wage. Rights protected by the State Constitution include the right to:...."

93. Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS employed Plaintiff WILIAM VIGNOLI as a Resident Manager from on or about 2003 until March 26, 2012.During that period Plaintiff WILIAM VIGNOLI was not compensated at the minimum wage rate for the all hours worked per week. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire to his last day of employment.

94. Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS employed Plaintiff LAURA PATO CASTILLO as an Assistant Manager from on or about 2003 until March 2012.During that period Plaintiff LAURA PATO CASTILLO was not compensated at the minimum wage rate for all the hours worked per week. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire to his last day of employment.

95. Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS employed Plaintiff JUAN SEBASTIAN VIGNOLI as a “handyman” from on or about 2003 until approximately March 26, 2012. During that period, Plaintiff JUAN SEBASTIAN VIGNOLI was not compensated at the minimum wage rate for the all hours worked per week. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire to his last day of employment.

96. On or about the first week of January 2012, Plaintiff WILLIAM VIGNOLI requested Administrator ELAINE FICKERS to be paid a regular salary like the Resident Managers of other buildings that he knew about. Plaintiff complained also on behalf of his fiance LAURA PATO CASTILLO and his son JUAN SEBASTIAN VIGNOLI and requested a

salary for them too. Administrator ELAINE FICKERS got upset and told Plaintiff that they were being paid with their living accommodations.

97. As a direct result of these complaints, on or about March 26, 2012, Defendants fired Plaintiffs WILLIAM VIGNOLI, LAURA PATO CASTILLO, and JUAN SEBASTIAN VIGNOLI. (**See Exhibit "D")** Defendants ordered Plaintiffs to vacate immediately their living quarters and then Defendants filed eviction lawsuits against Plaintiffs. (**See composite Exhibit "E")**

98. On or about April 4th, 2012, Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI sent CLIFTON APARTMENTS, INC., respective letters demanding their unpaid wages.

99. These complaints constituted protected activity under the Florida Minimum Wage Act.

100. On or about May 31, 2012, in response to these complaints Defendants unlawfully retaliated against Plaintiff WILIAM VIGNOLI, by accusing him of stealing money from the collected rents. Plaintiff WILLIAM VIGNOLI was arrested and criminal charges were pressed against him. Plaintiff has a pending lawsuit in State Court, case NO. F-12-013620.

101. Plaintiff WILLIAM VIGNOLI denies any wrongdoing, and he firmly believes that he and his family were victims of retaliation because they tried to collect their rightful earned wages pursuant to the Fair Labor Standards Act.

102. Defendants' conduct in response to protected activity violated the FLSA's anti-retaliation provisions, 29 U.S.C. § 215 (a) (3).

103. As a result of Defendants' unlawful and retaliatory conduct as described above, Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI have suffered substantial damages.

104. Plaintiffs were fired and thrown out of their living quarters without receiving their rightfully earned wages.

105. On or about April 4th, 2012, Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI sent Defendants written requests about their unpaid regular wages.

106. These complaints constituted protected activity under the Florida Minimum Wage Act.

107. On or about May 31, 2012, in response to these complaints Defendants unlawfully retaliated against Plaintiff WILIAM VIGNOLI, by accusing him of stealing money from the collected rents. Plaintiff WILLIAM VIGNOLI was arrested and criminal charges were pressed against him. Plaintiff has a pending lawsuit in State Court, case NO. F-12-013620.

108. Plaintiff WILLIAM VIGNOLI denies any wrongdoing, and he firmly believes that he and his fiancé LAURA PATO CASTILLO and his son JUAN SEBASTIAN VIGNOLI were victims of retaliation because they tried to collect their rightful earned wages pursuant to Federal and State Law.

109. Defendants' conduct in response to protected activity violated the anti-retaliation provisions of The Florida Minimum Wage Act, Florida Title XXXI, Chapter 448.109 (3)(a).

110. As a result of Defendants' unlawful and retaliatory conduct as described above, Plaintiff WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI have suffered substantial damages.

111. Plaintiffs were thrown out of their living quarters without receiving their rightfully earned wages.

112. Plaintiffs WILIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI were terminated in retaliation for their requests to be paid their wages, according to Florida Minimum Wage Act.

113. Defendants CLIFTON APARTMENTS, INC., and SERRANO IMPORT CORPORATION knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Florida Minimum Wage Act and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

114. At the times mentioned, Defendant ELAINE FICKERS was, and is now, the Director and/or owner of Defendants Corporations. According to Section 24, Art. X of the Florida State Constitution, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the Federal Fair Labor Standards Act (FLSA) and its implementing regulations. Therefore, Defendant ELAINE FICKERS was an employer of Plaintiffs within the meaning of the Florida Minimum Wage act pursuant to Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendants employers in relation to the employees of Defendant employer, including Plaintiffs. Defendant ELAINE FICKERS had operational

control of the business, provided Plaintiffs with their work schedule, and is jointly liable for Plaintiffs' damages.

115. Defendants CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS refused to pay Plaintiffs minimum wages as required by the laws of Florida as set forth above and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

116. The motivating factor which caused Plaintiffs' discharge as described above was the complaint seeking rightfully earned wages from the Defendants. In other words, Plaintiffs would not have been discharged but for their complaint for unpaid wages.

117. The Defendants' termination of the Plaintiffs was in direct violation of the provisions of the Florida Minimum Wage Act, Title XXXI, Chapter 448.109 (3)(a) and Article X, Section 24 (d) of the Florida Constitution. As a direct result, Plaintiffs have been damaged.

118. Plaintiffs seek to recover for unpaid wages accumulated from the date of hiring to their last day of employment with Defendants or as allowable by law.

119. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs WILLIAM VIGNOLI, LAURA PATO CASTILLO and JUAN SEBASTIAN VIGNOLI request that this Honorable Court:

A. Enter judgment for Plaintiffs and against CLIFTON APARTMENTS, INC., SERRANO IMPORT CORPORATION and ELAINE FICKERS on the basis of

Defendants' willful violations of the Florida Minimum Wage Act; and

B. Injunctive relief against Defendants prohibiting Defendants from further violations of the Florida Minimum Wage Act as described above;

C. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages compensation for all the hours worked during his employment with Defendants for, with interest; and

D. Award Plaintiffs an equal amount in double damages/liquidated damages; and

E. Award Plaintiffs reasonable attorneys' fees and costs of suit pursuant to Section 448.08 of the Florida Statutes.

F. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to State Law.

JURY DEMAND

Plaintiffs WILLIAM VIGNOLI, LAURA PATO CASTILLO, and JUAN SEBASTIAN VIGNOLI demand trial by jury of all issues triable as of right by jury.

DATED: December 21, 2012

Respectfully submitted,

**THE LAW OFFICES OF**
**ZANDRO E. PALMA, P.A.**
3100 South Dixie Highway
Suite 202
Miami, FL 33133
Telephone:(305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com

By: _/s/ Zandro E. Palma________
Zandro E. Palma, Esq.
Florida Bar No.: 0024031