UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-cv-24508-KING

WILLIAM VIGNOLI,
LAURA PATO CASTILLO,
JUAN SEBASTIAN VIGNOLI,
and other similarly situated individuals,

      Plaintiffs,

v.

CLIFTON APARTMENTS, INC.,
SERRANO CORPORATION,
and ELAINE FICKES, individually,

      Defendants.
_____/

## ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGEMENT AND GRANTING DEFENDANTS' RENEWED MOTION FOR FINAL SUMMARY JUDGMENT IN PART

THIS CAUSE comes before the Court upon Magistrate Judge Edwin G. Torres's Amended Report and Recommendation ("R&R") (DE 104 & 106). In the R&R, Judge Torres recommends (1) denying Plaintiffs' Motion for Partial Summary Judgment (DE 85); (2) denying Defendants' Cross-Motion for Summary Judgment (DE 90); and (3) granting Defendants' Renewed Motion for Final Summary Judgment (DE 83) in part.[1] Plaintiffs filed Objections to the R&R (DE 109) and Defendants responded (DE 110). For the reasons that follow, the R&R is affirmed and adopted as an Order of this Court.

---

[1] The R&R concludes by stating that Defendants' Renewed Motion is "Granted"— without qualifying language. But it is clear from the body of the R&R that it grants some of Defendants' claims for relief and denies others. In an abundance of caution, this Court clarifies that the R&R grants Defendants' Renewed Motion only in part.

Plaintiffs object only to the R&R's grant of summary judgment against them on their retaliation claim. First, Plaintiffs object that Judge Torres failed to distinguish factual allegations in this case from the facts in *Raspanti v. Four Amigos Travel, Inc.*, 266 F. App'x 820 (11th Cir. 2008) (unpublished). Relying on *Raspanti* (among other cases), Judge Torres concluded that, for purposes of evaluating causation (which is one of the elements of Plaintiffs' prima facie case), the time between the protected activity and the adverse employment actions is to be calculated from the date the employer first gains knowledge of the protected activity. Judge Torres found that Defendants gained knowledge of Plaintiffs' wage complaints in 2005, when William Vignoli first complained. Judge Torres rejected Plaintiffs' argument that the calculation should run from later dates on which Plaintiffs complained to their employers.

Contrary to Plaintiffs' argument, the facts in *Raspanti* are analogous to the facts in this case. Raspanti alleged that he was fired due to his participation in a lawsuit against his employer. *Id.* at 822. The Eleventh Circuit concluded that the lengthy temporal proximity—seven months and three weeks between Raspanti's termination and his employer's notice of his participation in the lawsuit—was too remote to establish causation. *Id.* at 823. The court rejected Raspanti's argument that the calculation should have run from a later date, the date the lawsuit was settled. *Id.* In this case, just like in *Raspanti*, Judge Torres properly rejected Plaintiffs' argument that the time should be calculated from the later of multiple instances of the same protected activity. *See id. See also* DE 84, ¶ 9 (William Vignoli "was always complaining that he did not get paid his wages.").

2

Second, Plaintiffs object that Judge Torres did not consider the following in his causation analysis:

> (1) Plaintiffs' submission of Affidavits of tenants who declared under oath that the Defendant Fickes had improperly attempted to bribe them and solicit false testimony designed to justify any and all adverse actions taken against the Plaintiffs; (2) the fact that the State of Florida subsequently nolle prosequi the criminal charge against William Vignoli, (3) the multiple instances of allegedly protected activity both prior to and immediately after Plaintiffs' termination and eviction, and (4) Plaintiff William Vignoli's arrest, incarceration and criminal charges filed against him shortly after he retained counsel and counsel sent an official demand letter to the Defendants[ and (5) the April 4, 2012, demand letter sent to the Defendants by Plaintiffs' counsel].

DE 109, p.6. It is readily apparent why Judge Torres did not expressly consider any of the above in his causation analysis. Items (3) through (5) are not evidence of causation between protected activity and adverse employment actions; rather, they *are* the alleged protected activities and adverse employment actions. As for item (2), the Court does not see how the *nolle prosequi* of Mr. Vignoli's criminal charges is evidence of causation—nor do Plaintiffs provide any authority justifying that it should be so considered.[2]

As for the affidavits (DE 89-5) identified in item (1), Judge Torres did not err by not expressly considering them because (a) they are not written in English, (b) no English translation is provided, and (c) no waiver was requested or granted. *See* CM/ECF ADMINISTRATIVE PROCEDURE 3H(8) (Dec. 2, 2013) ("Documents not written in English . . . must be accompanied by a translation, unless a waiver has been granted by the

---

[2] Plaintiffs also object that Judge Torres did not consider the *nolle prosequi* as evidence of pretext (DE 109, p.8). This argument is rejected for similar reasons.

Court."). For the same reason, Judge Torres did not err by not expressly considering the non-English affidavits as "direct evidence of pretext."[3]

Upon the foregoing de novo review of those portions of the R&R to which Plaintiffs objected, the Court concludes that the R&R contains thorough and well-reasoned recommendations for denying Plaintiffs' and Defendants' cross-motions for summary judgment (DE 85 & 90) and for granting Defendants' Renewed Motion for Final Summary Judgment (DE 83) in part. Judge Torres carefully considered the record, correctly analyzed the law, and properly concluded that (1) summary judgment should be entered in favor of Defendants on Plaintiffs' claim for retaliatory discharge; (2) William Vignoli's claims are not barred by judicial estoppel; (3) the Vignolis' unpaid minimum wage claims are not barred by res judicata; and (4) Plaintiffs' claims should not be dismissed under the Court's inherent power.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. That Magistrate Judge Edwin G. Torres's Amended Report and Recommendation **(DE 104 & 106)** be, and the same is, hereby **AFFIRMED** and **ADOPTED** as an Order of this Court.

2. That Plaintiffs' Motion for Partial Summary Judgment **(DE 85)** be, and the same is, hereby **DENIED**.

---

[3] Plaintiffs' reference to "direct evidence of pretext" is misleading. In evaluating a FLSA retaliation claim on summary judgment, the distinction between direct and circumstantial evidence is operative with respect to evidence of retaliation—not of pretext. That is, where a Plaintiff can proffer only circumstantial evidence of *retaliation*, the Court evaluates that evidence under the *McDonnell Douglas* burden-shifting analysis, the third step of which involves an inquiry into pretext. See *Raspanti*, 266 F. App'x at 822.

4

3. That Defendants' Cross-Motion for Summary Judgment **(DE 90)** be, and the same is, hereby **DENIED**.

4. That Defendants' Renewed Motion for Summary Judgment **(DE 83)** be, and the same is, hereby **GRANTED IN PART**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 3d day of December, 2014.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record
Magistrate Judge Edwin G. Torres